UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE McCREA, aka TERRANCE McCREA, <br><br> Petitioner, <br><br> vs. <br><br> JOHN MARSHALL, WARDEN, <br><br> Respondent. | Case No. CV 09-6026-JFW(RC) <br><br><br><br><br> OPINION AND ORDER ON A <br> PETITION FOR HABEAS CORPUS |

On August 18, 2009, petitioner Terrence McCrea, aka Terrance McCrea, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in Los Angeles County Superior Court case no. TA038269.

**BACKGROUND**

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: (1) McCrea v. LaMarque, case no. CV 04-2212-PA(SH) ("McCrea I"). The records in McCrea I show that on March 31, 2004, petitioner filed his first federal habeas corpus petition

challenging the same criminal judgment he challenges here, and on November 2, 2004, Judgment was entered in McCrea I denying the habeas petition on the merits and dismissing the action. The petitioner appealed the Judgment to the Ninth Circuit Court of Appeals, which affirmed the Judgment on February 16, 2006.

## DISCUSSION

The instant petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"). Section 106 of the Act amends 28 U.S.C. § 2244(b) to read, in pertinent part, as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition [. . .] unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

//

1	Here, the instant petition is a second or successive petition
2	challenging petitioner's conviction and sentence, which raises claims
3	petitioner could have raised in McCrea I.  Moreover, it plainly
4	appears on the face of the petition that petitioner has not moved in
5	the Ninth Circuit Court of Appeals for an order authorizing this Court
6	to consider the instant successive petition.  Under the Act, a
7	successive habeas petition is not a matter of right -- and the
8	gatekeeping function belongs to the Court of Appeals, not to the
9	district court.  <u>Felker v. Turpin</u>, 518 U.S. 651, 661, 116 S. Ct. 2333,
10	135 L. Ed. 2d 827 (1996).  This Court, thus, must dismiss the instant
11	habeas corpus petition as a successive petition for which it lacks
12	subject matter jurisdiction under 28 U.S.C. § 2244(b)(3).
13
14	Rule 4 of the Rules Governing Section 2254 Cases in the United
15	States Courts provides that "[i]f it plainly appears from the petition
16	and any attached exhibits that the petitioner is not entitled to
17	relief in the district court, the judge must dismiss the petition and
18	direct the clerk to notify the petitioner."  28 foll. U.S.C. § 2254,
19	Rule 4.
20
21	**ORDER**
22	IT IS HEREBY ORDERED that Judgment be entered SUMMARILY
23	DISMISSING the petition for writ of habeas corpus for lack of subject
24	matter jurisdiction.
25	//
26	//
27	//
28	//

3

IT IS FURTHER ORDERED that the Clerk shall notify petitioner of the dismissal.

DATE: August 20, 2009

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: August 19, 2009

/S/ ROSALYN M. CHAPMAN
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-6026.mdo
8/19/09

4